STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-0010

DAVID FARWELL,

Petitioner

v.

DECISION AND ORDER

SECRETARY OF STATE
BUREAU OF MOTOR
VEHICLES,

Respondent

Before the court is Petitioner David Farwell's M.R. Civ. P. 80C review of the Secretary of State Bureau of Motor Vehicles' decision affirming suspension of his motor vehicle license.

## I.  Facts

The following facts are based on the Administrative Record. Petitioner David Farwell (Farwell) was arrested on September 8, 2018, by Sergeant Adam Shaw for operating under the influence (alcohol). (R. T6 at 4.) Sergeant Shaw observed Farwell speeding and crossing the fog line, and upon pulling Farwell over, he observed him with glassy and bloodshot eyes, slurred speech, and the smell of alcohol on his breath. (R. T6 at 4-5.) Farwell admitted to drinking two or three Bloody Mary. (R. T6 at 4.) Sergeant Shaw observed 6 out of 6 clues on the Horizontal Gaze Nystagmus (HGN) test. (R. T6 at 5.) Farwell made several

mistakes on an oral alphabet test and a counting backwards test. (R. T6 at 5.) After asking about loose objects in Farwell's mouth and ensuring that Farwell's upper dentures and any remaining glue were removed, Sergeant Shaw administered a chemical breath test with an Intoxylizer 8000. (R. T6 at 6.) The Intoxylizer report found that Farwell had 0.17 grams of alcohol per 210 liters of breath. (R. T6 at 6, T7 at 1.) Pursuant to 29-A M.R.S. § 2453 (2018), the Secretary of State Bureau of Motor Vehicles administratively suspended Farwell's license. (R. T8 at 1). Farwell timely requested and received an administrative hearing on January 29, 2019. (R. T8 at 6.)

At issue during the hearing was whether the chemical breath test administered by Sergeant Shaw was reliable given Farwell's fixed lower dental implant. (R. T5 at 35-36.) Farwell submitted photographs of his dental implant before and after cleaning, as well as a letter from his dentist, Dr. Lyford, to the effect that Farwell had not visited him in six years. (R. T10 at 1.) Dr. Lyford's letter also stated,:"[h]e has an implant retained lower prosthesis . . . [that] can harbor bacteria and yeast." (R. T10 at 1.) Dr. Lyford concluded, "bacteria and yeast give off many volatile sulfur compounds as well as many other volatiles and this could affect any lab work or gas laboratories he has submitted to." (R. T10 at 1.) Sergeant Shaw testified that had he known about the fixed dental implant, he probably would have followed the cautious approach of taking a blood sample. (R. T5 at 17-18.)

2

The hearing officer found that no expert testimony or evidence showed that the test would be unreliable because of Farwell's specific implants. (R. T5 at 36.) Further, the hearing officer found that Sergeant Shaw administered the test pursuant to the manual, which only required loose objects or devices be removed before the administration of the test. (R. T5 at 21, 36.) Ultimately, the hearing officer held that he was not persuaded the fixed dental implant could trap alcohol sufficient to produce an alcohol level of 0.17 after a 15-minute wait period. (R. T5 at 35-36.)

I.    Discussion

A. Standard of Review

When the decision of an administrative agency is challenged on appeal, "the court may reverse or modify the decision if the administrative findings, inferences, conclusions or decisions

are:

1) In violation of constitutional or statutory provisions;

2) In excess of the statutory authority of the agency;

3) Made upon unlawful procedure;

4) Affected by bias or error of law;

5) Unsupported by substantial evidence on the whole record; or

6) Arbitrary or capricious or characterized by abuse of discretion.

3

5 M.R.S. § 11007(4) (2018). The court will sustain the administrative decision if, "on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551. The party seeking to vacate the agency's decision bears the burden of proving that no competent evidence exists to support the agency's decision. *Seider*, at ¶ 9.

B. Analysis

Farwell argues that Sergeant Shaw's testimony, together with the material submitted by Dr. Lyford, constitutes significant evidence that the test result was not reliable. (Pet'r's Br. 4.) The Secretary of State argues there was substantial evidence in the record to support the hearing examiner's decision that Farwell operated a motor vehicle with an alcohol level of 0.08 grams or more per 210 liters of breath. (Resp't's Br. 3.) The hearing officer found that no expert evidence showed that the test would be unreliable due to Farwell's specific implants, and did not give weight to Sergeant Shaw's testimony that he would have administered a different test if he had known about the fixed implant. (R. 5-36.) The hearing officer was in the best position to determine the credibility of the evidence, and Farwell makes no contention that finding the test reliable despite Dr. Lyford's letter is "so farfetched it compels disbelief." *See Dyer v. Superintendent of Ins.*, 2013 ME 61, ¶ 12, 69 A.3d 416 (describing the exception to the well-established principle that factual findings

4

and credibility determinations are left to the sound judgment of the trier of fact as when the testimony is so farfetched it compels disbelief). While Dr. Lyford's letter states that Farwell's implants harbored bacteria, giving off volatiles, and that bacteria trapped by Farwell's implant could affect gas laboratories, no evidence established how or the degree to which such an implant would affect a chemical breath test.

Farwell's burden is to show that no competent evidence exists to support the agency's decision, not that there is substantial evidence in the record that supports his position. *See Seider*, at ¶ 9. The court will affirm the findings of fact if there is any competent evidence in the record to support them, even if the record contains other inconsistent or contrary evidence. *Bankers Life & Cas. Co. v. Superintendent of Ins.*, 2013 ME 7, ¶ 16, 60 A.3d 1272. Competent evidence that Farwell's blood alcohol content was 0.08 or above exists in Sgt. Shaw's testimony and report that he observed Farwell's glassy and bloodshot eyes, slurred speech, and the smell alcohol on his breath. Moreover, Sgt. Shaw observed 6 out of 6 clues on the Horizontal Gaze Nystagmus test. Farwell admitted to drinking two or three Bloody Marys and he made several mistakes on an oral alphabet test and a counting backwards test. Finally, after Sgt. Shaw removed Farwell's dentures, ensured no glue remained, and adhered to the 15-minute wait period, the Intoxylizer report found that Farwell had a 0.17 BAC. Based on the Administrative Record, the hearing officer could have

fairly and reasonably found the facts as he did. Accordingly, Farwell's M.R. Civ P. 80C review is denied.

The entry is:

1. Petitioner's M.R. Civ. P. 80C Review of Final Agency Action is DENIED.

2. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

3.

Date: June 10, 2019

William R. Stokes
Justice, Superior Court

6